UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REGINALD BROOKS,

        Plaintiff,

        v.                                       Case No. 21-cv-1095- bhl

JASON J. LUEBKE, et al.,

        Defendants.

# SCREENING ORDER

    Plaintiff Reginald Brooks, who is currently serving a state prison sentence at the Stanley Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that he is being unlawfully detained. This matter comes before the Court on Brooks' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Brooks has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Brooks has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $67.59. Brooks' motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Brooks, on September 9, 2019, it was recommended that his supervised release be revoked even though he had fully discharged his sentences in three criminal cases. Dkt. No. 1. Specifically, Brooks asserts that his sentence in Case 12-CF-305 was discharged on May 27, 2019, his sentence in Case 16-CF-206 was discharged on June 27, 2019, and his sentence on Count 1 in Case 16-CM-114 was discharged on July 27, 2019. *Id.* at 11. Brooks alleges that the only sentence that had not been discharged was for Count 2 in Case 16-CM-114, a misdemeanor for which he had been sentenced to nine months in the county jail. Brooks asserts that he was not eligible for extradition based on that misdemeanor, yet he was extradited from Minnesota to be incarcerated in Wisconsin. He asserts that he was sentenced to the maximum period of re-confinement. His projected release date is July 4, 2022.

Brooks sues Defendants for their alleged roles in illegally confining him. He seeks compensatory and punitive damages.

## THE COURT'S ANALYSIS

The Supreme Court has long held "that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Relatedly, in *Heck v. Humphrey*, the Supreme Court pointed to "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," emphasizing that, where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction, the action will not lie unless . . . the conviction or sentence has already been invalidated." *Wilkinson*, 544 U.S. at 80 (quoting *Heck v. Humphrey*, 512 U.S. 477, 481-22, 486-

87 (1994)). "*Heck* applies to both a prisoner's original sentence and to reimprisonment upon revocation of parole." *Easterling v. Siarnicki*, 435 F. App'x 524, 526 (7th Cir. 2011).

Were Brooks' claim for damages successful, it would necessarily imply the invalidity of his revoked supervision and his continued detention because his claim is premised on Defendants allegedly lacking jurisdiction and authority to revoke his supervised release and detain him. Because Brooks has not overturned the revocation of his supervised release (in fact, his allegations indicate that his efforts to do so have repeatedly failed), his claim is barred by *Heck*.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Brooks' motion for leave to proceed *in forma pauperis* (Dkt. No. 5) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** because it is barred by *Heck v. Humphrey*.

**IT IS FURTHER ORDERED** that the agency having custody of Brooks shall collect from his institution trust account the $282.41 balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to Brooks' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brooks is transferred to another institution, the transferring institution shall forward a copy of this Order along with Brooks' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

Dated at Milwaukee, Wisconsin on October 22, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.